## AS TO REGULATION OF THE USE OF GASOLINE.

Circuit Court of Hamilton County.

CLARA MILDNER AND BENEDICT KEETI v. CITY OF CINCINNATI.

Decided, March, 1910.

*Municipal Corporations—Dry Cleaning—Regulation of, by Ordinance— Unjust Discrimination—Section 1536-100.*

If the business of dry cleaning by the use of gasoline or other light petroleums is carried on in such a way as to become a nuisance, or is so dangerous, offensive or unwholesome as to cause injury or annoyance, it may be regulated; but an ordinance which forbids dry cleaning establishments only to use or store gasoline within the municipal limits is unreasonable because of unjust discrimination against a certain trade or business.

*David Davis,* for plaintiff in error.
*Chas. H. Urban,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The plaintiffs in error were convicted and sentenced to pay a fine of fifty dollars each under an ordinance "To regulate the use of gasoline, naptha, benzole and other light petroleums, and coal tar productions in the dry-cleaning business in the city of Cincinnati, Ohio."

While the provisions of the ordinance are apparently intended to regulate the use of gasoline in the dry-cleaning business, they in effect prohibit such business within the city limits; but even this may be done, if the business of dry-cleaning is a nuisance or so dangerous, offensive, or unwholesome as to cause injury or annoyance. 1536-100, Revised Statutes; *White* v. *Kent,* 11 O. S., 550; *Hays* v. *Village of St. Marys,* 5 O. S., 197.

The manifest purpose of the council in passing the ordinance was to prevent injury to life and property from the use of gasoline or other inflammable material. There is no other element of danger in the business of dry-cleaning; and yet it is notorious that this same element of danger is present in other trades and businesses which this ordinance does not pretend to regulate.

Gasoline stored and used for the purpose of cleaning articles made of iron or steel is just as dangerous as the same quantity of gasoline stored and used for the purpose of cleaning cloth or clothing. At least there is nothing in the record showing any distinction. The ordinance is unreasonable, not because gasoline is harmless, nor because of any want of power in council to regulate its use, but because it unjustly discriminates against a certain trade or business.

For this reason the ordinance is void and the judgment of the court of common pleas will be reversed and the cause remanded to that court with instructions to reverse the judgment of the police court of Cincinnati.